UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20764-ALTMAN

**EDWARD RAYMOND**,

 *Plaintiff*,

v.

**LSM TRADING USA, LLC**, *et al.*,

 *Defendants.*

_____/

## ORDER ON MOTION TO DISMISS

Edward Raymond, proceeding *pro se*, alleges that the Defendants—LSM Trading USA LLC, LSM Trading Pty Ltd., and Linda Margon—failed to compensate him for his employment, sabotaged various transactions he arranged on their behalf, and subjected him to defamatory statements. *See generally* Amended Complaint [ECF No. 33-1].[1] Raymond's Amended Complaint advances six claims: (1) Defamation (Count I); (2) Fraudulent Inducement (Count II); (3) Breach of Contract (Count III); (4) Tortious Interference (Count IV); (5) Unjust Enrichment (Count V); and (6) Civil Fraud (Count VI). *See id.* ¶¶ 17–36. He seeks a total of $300,250,000 in damages for "unpaid labor and wages," "loss of commissions from sabotaged deals," and "reputational harm and future lost income." *Id.* ¶ 37.

The Defendants have moved to dismiss Raymond's Amended Complaint on several grounds. *See generally* Motion to Dismiss ("MTD") [ECF No. 36]. After careful review, we **GRANT** the

---

[1] Raymond's Amended Complaint was filed as an attachment to his Motion for Leave to File an Amended Complaint [ECF No. 33]. We granted that motion and directed the Clerk to "docket the Plaintiff's Amended Complaint [ ] as a separate entry on the docket." Paperless Order Granting Motion for Leave to File [ECF No. 34]. The docket text for that order, however, notified the Plaintiff that the "[f]iler must separately re-file the amended pleading pursuant to Local Rule 15.1, unless otherwise ordered by the Judge." *Ibid.* Neither the Clerk nor the Plaintiff refiled the Amended Complaint as a separate entry. *See generally* Docket. Given the contradictory text of our Paperless Order, and the fact that Raymond is proceeding *pro se*, we won't hold his failure to refile his Amended Complaint against him.

Defendants' MTD.[2]

## THE FACTS

In March 2024, Raymond "was recruited by Linda Margon to work as Compliance Director, Business Development Manager, and General Counsel for LSM Trading USA LLC." Amended Complaint ¶ 9. Raymond tells us that "LSM Trading USA LLC is a Wyoming LLC conducting business in Florida" and that LSM Trading Pty Ltd. is "an Australian company operating globally, including within Florida." *Id.* ¶¶ 5, 7. Margon, an Australian, is the chair of both entities. *See id.* ¶ 6. The Amended Complaint doesn't specify the industry in which the parties operate, but we surmise from the allegations that the parties trade in "gold and sugar." *Id.* ¶ 11.

Raymond "worked full-time for LSM[,] without compensation," based on assurances that he'd eventually receive $250,000 in annual compensation and "up to $50,000,000/month in commissions." *Id.* ¶ 10. Raymond "structured business deals and presented verified buyers in gold and sugar with billions in potential revenue," but the Defendants "constantly sabotaged transactions through unreasonable and erratic demands, rude behavior, and refusal to close signed or verifiable deals." *Id.* ¶¶ 11–12. The Defendants "ignored valid contracts and purchase offers," including a "sugar" deal worth $2 billion. *Id.* ¶ 16. Raymond also alleges that the Defendants "falsely accused [the] Plaintiff of unauthorized activity involving a Soft Corporate Offer" and defamed him by saying that he "was paid $15,000 per month [ ], was negligent, and worked with scammers." *Id.* ¶¶ 14–15.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this

---

[2] The Defendants' MTD is fully briefed and ripe for adjudication. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' MTD ("Response") [ECF No. 36]; Defendants' Reply in Support of Defendants' MTD ("Reply") [ECF No. 38].

"plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Although "pro se pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). Pro se litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for pro se litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

The Defendants offer a long list of arguments for dismissal. *See generally* MTD. But "courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Republic of Pan. v. BCCI Hldgs. (Lux.) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997). So we'll begin there.

### I.      Personal Jurisdiction

"The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction . . . and specific jurisdiction." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1228 (11th Cir. 2023). "General jurisdiction lies in the forum where the defendant is domiciled or fairly regarded as at home." *Fuld v. Pal. Liberation Org.*, 606 U.S. 1, 12 (2025) (cleaned up). "A court in such a forum may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Ibid.* (cleaned up). "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). "To exercise specific jurisdiction, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1317 (11th Cir. 2025) (cleaned up).

It's undisputed that all three Defendants are nonresidents and aren't subject to our *general* jurisdiction. *See* Amended Complaint ¶ 1 ("The Defendants are citizens of Wyoming and Australia[.]"). Raymond must therefore show that we can exercise *specific* jurisdiction over these Defendnats. "[A] federal court generally undertakes a two-step analysis to determine whether there is personal jurisdiction over a nonresident defendant." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022). *First*, we "determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute." *Ibid. Second*, we "decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Ibid.* Here, Raymond seeks to establish personal jurisdiction over the Defendants under two sections of Florida's long-arm statute: FLA. STAT. § 48.193(1)(a)(2), which encompasses "tortious act[s]" committed "within" Florida; and FLA. STAT. § 48.193(1)(a)(6), which extends to acts that "[c]aus[e] injury to persons or property within this state." *See* Response at 2 ("Defendants' conduct satisfies Fla. Stat. § 48.193(1)(a)(2) and §

4

48.193(1)(a)(6)."). After careful review, we find that the Plaintiff hasn't established personal jurisdiction.

Subsection (1)(a)(6) of Florida's long-arm statute allows plaintiffs to establish jurisdiction over any cause of action "[c]ausing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if . . . (a) [t]he defendant was engaged in solicitation or service activities within this state; or (b) [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." FLA. STAT. § 48.193(1)(a)(6). Raymond fails to satisfy this standard because he hasn't alleged *any* facts supporting the conclusion that the Defendants were "engaged in . . . service activities" within Florida or that "[p]roducts . . . processed, serviced, or manufactured by the defendant[s] . . . were used or consumed" within the state. FLA. STAT. § 48.193(1)(a)(6). The *only* ties to Florida mentioned in the Amended Complaint are Raymond's conclusory allegations that Defendant LSM Trading USA LLC "conduct[s] business in Florida" and that LSM Trading Pty Ltd. "operat[es] globally, including within Florida." Amended Complaint ¶¶ 5, 7. These conclusory allegations are insufficient to establish a *prima facie* case of personal jurisdiction over the Defendants. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("[V]ague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction[.]" (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217–18 (11th Cir. 1999)). What's worse, Raymond fails to explain how the Defendants' supposed Florida contacts relate in any way to his cause of action. If he refiles his complaint, then, Raymond must allege *actual facts* to support his claim that the Defendants conduct business in Florida *and* explain how their business in Florida is tied to his cause of action.

Subsection (1)(a)(2) of Florida's long-arm statute allows plaintiffs to establish jurisdiction over nonresident defendants who "[c]ommit[ ] a tortious act within this state." FLA. STAT. § 48.193(1)(a)(2). While Raymond *does* allege that the Defendants committed various torts, *see* Amended Complaint ¶¶

5

17–36 (alleging defamation and economic torts), his Amended Complaint *never* specifically alleges that any of this supposed tortious conduct took place within Florida, *see generally ibid.* Raymond attempts to cure this deficiency in his Response, *see* Response at 2 ("Defendants communicated extensively with [the] Plaintiff in Miami, negotiated contracts while [the] Plaintiff was in Florida, and caused reputational and business harm here."), but it's well-established that a plaintiff can't supplement a pleading in a response brief, *see BFL Metal Prods. Co. LTD v. RDFN FUM Nat. Prods., Ltd.*, 2025 WL 958250, at *4 (S.D. Fla. Mar. 31, 2025) (Bloom, J.) ("[The] Plaintiff may not cure the deficiencies in its Complaint via its Response to the Motion."); *see also Walker v. BP Oil Pipeline Co.*, 2012 WL 13006232, at *1 (S.D. Fla. July 9, 2012) (Williams, J.) ("[The Plaintiff] may not cure the pleading deficiencies in his Complaint by adding new allegations in his Response.").

Even assuming that Raymond *had* satisfied the strictures of Florida's long-arm statute, though, he's failed to meet the federal due-process standard. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) ("If *both* Florida law *and* the United States Constitution permit, the federal district court may exercise jurisdiction over the nonresident defendant." (emphases added)). As we've recently explained:

> The Due Process Clause limits "a state's authority to bind a nonresident defendant to a judgment of its courts." In considering whether a federal court's exercise of specific jurisdiction over a non-resident defendant comports with due process, we examine "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice."

*Karnas v. Cuban*, 2025 WL 3759241, at *7 (S.D. Fla. Dec. 30, 2025) (Altman, J.) (first quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014); and then citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

Raymond's Amended Complaint fails to allege that the defendants have minimum contacts with Florida *or* that they've purposefully availed themselves of the privilege of conducting business in

6

Florida. As we've observed, Raymond's mere conclusion that the two corporate defendants conduct business in Florida is insufficient. And Raymond's threadbare argument on this point doesn't move the ball. *See* Response at 2 ("Constitutional Due Process: Defendants' actions meet the minimum contacts standard." (cleaned up)). Plus, as we've noted, for specific jurisdiction, Raymond must show that the Defendants' Florida contacts (whatever they are) relate to his cause of action. If Raymond chooses to refile his complaint, in short, we'll need much more from him. He'll need to show, at the very least, that the Defendants have *purposeful* contacts with Florida *from which his claims arise*.

Simply put, Raymond hasn't pled any facts showing that it would be appropriate for us to exercise jurisdiction over these nonresident defendants. For these reasons, we **GRANT** the Defendants' MTD *without prejudice* and with leave to amend.

## II.    Subject-Matter Jurisdiction

Because we're granting Raymond leave to amend—and since the Defendants have identified a second jurisdictional deficiency—we'll *also* address the Defendants' arguments about subject-matter jurisdiction. *See* MTD at 1 ("Plaintiff fails to establish complete diversity and the required amount in controversy for federal jurisdiction under 28 U.S.C. § 1332.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "party bringing the claim," therefore, must first "establish[ ] federal subject matter jurisdiction" before a federal court can review a claim on its merits. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (cleaned up)). If a federal court "determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A motion challenging federal subject-matter jurisdiction under Rule 12(b)(1) may take the form of either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529).

In their MTD, the Defendants advance a three-pronged facial attack on our subject-matter jurisdiction. *First*, the Defendants argue that Raymond "alleges that he resides in Florida but fails to plead his citizenship." MTD at 10. This isn't true. The first paragraph of the Amended Complaint alleges that the "Plaintiff is a citizen of Florida." Amended Complaint ¶ 1. This allegation, "taken as true for the purposes of the motion," is enough for now. *McElmurray*, 501 F.3d at 1251.

*Second*, the Defendants allege that Raymond "fails to plead the citizenship of each member of LSM Trading USA LLC." MTD at 11. As to this argument, we agree with the Defendants. "A limited liability company ('LLC') is considered 'a citizen of any state of which a member of the company is a citizen.' To 'sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members[.]'" *Incitatus Real Est., LLC v. Lancelot Miami River, LLC*, 2024 WL 4016441, at *2 (S.D. Fla. Feb. 6, 2024) (Altman, J.) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Raymond doesn't identify the members of LSM Trading USA LLC—he only alleges that "LSM Trading USA LLC is a Wyoming LLC conducting business in Florida." Amended Complaint ¶ 5. Because Raymond hasn't shown that he and Raymond Trading USA LLC are completely diverse—and since he doesn't invoke our federal-question jurisdiction—we cannot exercise jurisdiction over his claims against LSM Trading USA LLC. If he refiles his complaint, he must identify the citizenship of *each member* of LSM Trading USA LLC.

8

*Finally*, the Defendants contend that the "Amended Complaint [ ] fails to establish that the amount in controversy exceeds $75,000," because Raymond "has not attached any documentation, such as contracts or invoices, to substantiate his claims for monetary damages." MTD at 11. Here, though, they're wrong. To trigger our diversity jurisdiction, "the matter in controversy [must] exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Amended Complaint easily clears this hurdle. Raymond alleges that he's owed "$250,000 for unpaid labor and wages" and "$50,000,000 for loss of commission from sabotaged deals." Amended Complaint ¶ 37. While these numbers may prove fanciful, Raymond has clearly stated an amount in controversy that exceeds our jurisdictional threshold. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

For the foregoing reasons, we **DISMISS** Raymond's claims as to Defendant LSM Trading USA LLC *without prejudice* for lack of subject-matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))).

## CONCLUSION

After careful review, therefore, we **ORDER** and **ADJUDGE** that:

1. The Defendants' Motion to Dismiss [ECF No. 36] is **GRANTED**.
2. The Plaintiff's Amended Complaint [ECF No. 33-1] is **DISMISSED** *without prejudice* and with leave to amend. The Plaintiff may, if he chooses, file a second amended complaint that corrects the deficiencies we've identified in this Order by **February 16, 2026**. If he fails to file a legally sufficient amended complaint by then, we'll dismiss this case without further leave to amend.

**DONE AND ORDERED** in the Southern District of Florida on February 2, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record